UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JAMES FRANCIS O'DONNELL, JR., : | |
|         Plaintiff, : | |
| : | |
|         v. : | No. 5:23-cv-1755 |
| : | |
| OFFICER DAVID JOHNSTON and : | |
| OFFICER HATFIELD, JR., : | |
|         Defendants. : | |

_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                     August 2, 2023
**United States District Judge**

### I. INTRODUCTION & BACKGROUND

Plaintiff James Francis O'Donnell, Jr. filed this suit pro se while he was in custody in Lancaster County Prison. Shortly after filing suit, Plaintiff was released from custody, but he did not leave a forwarding address. The Court issued a show cause order, directing Plaintiff to show cause by July 12, 2023 why this case should not be dismissed for failure to prosecute. As of August 2, 2023, Plaintiff has not shown cause, nor has he taken any steps to move the litigation along. Indeed, the most recent filing on the docket from Plaintiff is a letter docketed on May 22, 2023. *See* ECF No. 15. The Court therefore dismisses Plaintiff's complaint for failure to prosecute.

### II. LEGAL STANDARD — Review of Applicable Law

A district court's authority to *sua sponte* dismiss a proceeding where a party fails to prosecute its claims derives from a court's inherent authority to control its own proceedings. *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) ("The power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket."). Indeed, this inherent

authority "has been expressly recognized in Federal Rule of Civil Procedure 41(b)."[1] *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). In the Third Circuit, a district court may exercise its inherent authority and dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis in original) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). While dismissal for failure to prosecute must be a sanction of last resort, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." *Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016).

### III.   ANALYSIS

As to the first factor—personal responsibility—Plaintiff has failed to prosecute his claims despite this Court's attempts to reach him and this Court's order to show cause, which specifically warned him that failure to show cause would result in dismissal. Moreover, Plaintiff is pro se. Thus, Plaintiff's failure to prosecute his claims is not attributable to either his counsel or Defendants. Plaintiff cannot blame anyone but himself for his failure to prosecute his claims. Thus, this factor weighs in favor of dismissal.

---

[1]    Although Rule 41(b) is an expression of the court's long-recognized, inherent authority to control its proceedings, *sua sponte* dismissals are not governed by that Rule. *See Link*, 370 U.S. at 630-31 ("We do not read Rule 41(b) . . . to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant . . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

As to the second factor—prejudice to adversaries— the Court finds that Plaintiff's effective abdication of his claims leaves the Defendants guessing as to when, if ever, Plaintiff will pursue his claims, hindering any sort of legal defense strategy the Defendants might formulate. *See Palmer v. Rustin*, No. CIV.A. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) ("The prejudice that will be suffered by Defendants by allowing this case to linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). As such, the second *Poulis* factor weighs in favor of dismissal.

As to the third factor—history of dilatoriness—Plaintiff has established a pattern of failing to prosecute his claims despite opportunities provided by this Court to do so. Plaintiff failed to provide the Court with an updated address even though he was made aware of the requirement. *See* ECF No. 8. The Court also issued an order directing Plaintiff to show cause and warned him that his claims could be dismissed if he did not comply. ECF No. 21. To this day, Plaintiff has not contacted the Court regarding his claims, or for any other reason. Plaintiff's continued failure to respond to this Court's orders indicate a history of dilatoriness. *See Bembry-Muhammad v. Greenberg*, No. CV 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) ("[B]y missing all of the deadlines imposed by this Court, the Appellant has shown a history of dilatoriness."). As such, the third factor weighs in favor of dismissal.

As to the fourth factor—willfulness—the circumstances leave the Court unable to draw any conclusion other than that Plaintiff's failure to prosecute this action has been willful. *See Greenberg*; 2016 WL 4744139, at *2; *Hayes v. Nestor*, No. CIV. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth *Poulis* factor."). Consequently, the fourth factor is satisfied in favor of dismissal.

As to the fifth factor—alternative sanctions—the Court finds that lesser sanctions would have no effect on Plaintiff's interest in prosecuting this case because he has completely stopped participating in litigation. *See Hayes*, 2013 WL 5176703, at *5 ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss . . . . [t]he Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case."); *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mqmt., LLC,* No. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (finding that sanctions other than default would be insufficient where defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). As such, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, the Court considers the sixth factor—whether Plaintiff's claims have merit. The Court acknowledges that his claims may not be facially meritless. However, "it is unclear whether [his] claims would survive summary judgment. As such, this factor weighs neither for nor against dismissal." *Palmer*, 2011 WL 5101774, at *2.

## IV.   CONCLUSION

For the above reasons, the Court dismisses Plaintiff's complaint without prejudice.

A separate Order follows.

                                                BY THE COURT:

                                                */s/ Joseph F. Leeson, Jr.*
                                                JOSEPH F. LEESON, JR.
                                                United States District Judge